UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JORGE PEREZ HERNANDEZ
and other similarly-situated individuals,

    Plaintiff(s),

v.

BARU MIDTOWN, LLC,
d/b/a BITER TRUTH,
and HECTOR ANTUNEZ, individually

    Defendants,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JORGE PEREZ HERNANDEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants BARU MIDTOWN, LLC, d/b/a BITER TRUTH, and HECTOR ANTUNEZ individually and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JORGE PEREZ HERNANDEZ is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant BARU MIDTOWN, LLC, d/b/a BITER TRUTH (hereinafter BARU, or Defendant) is a Florida corporation, having place of business in Dade County, Florida,

where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant HECTOR ANTUNEZ was and is now, the owner, and manager of Defendant Corporation BARU. This individual Defendant had financial and operational control of the business and is an employer within the meaning of 29 U.S.C. § 203(d).

5. All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JORGE PEREZ HERNANDEZ to recover from Defendants half-time overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant BARU operates BITER TRUTH, a bar-restaurant where Plaintiff worked. BITER TRUTH is located at the former Baru Urbano space, 3252 NE 1st Avenue, Miami Florida 33137. (Individual Defendant HECTOR ANTUNEZ was also the owner of Baru Urbano bar-restaurant).

8. Defendants BARU and HECTOR ANTUNEZ employed Plaintiff JORGE PEREZ HERNANDEZ as a non-exempt full time restaurant employee from approximately November 15, 2016 to March 30, 2017, or 19 weeks.

9. During those 19 weeks, Plaintiff had two different positions, schedules, and wage rates.

10. **First period for approximately 11 weeks**.- Plaintiff worked as dishwasher, kitchen helper and cleaning employee. Plaintiff was paid $10.00 an hour, and his overtime rate should be $15.00 an hour.

11. In this period, Plaintiff worked 6 days per week, Monday to Saturday from 9:00 AM to 3:00 AM (18 hours each day). Plaintiff did not take bona-fide lunch periods. Thus, Plaintiff worked a minimum of 108 hours every week. Sometimes Plaintiff stayed working more hours because the bar did not have a fixed schedule to close the place.

12. Plaintiff did not punch in and out, and he was paid bi-weekly without any paystubs providing basic information about total hours worked, regular hours, overtime hours, wage rate, etc. etc.

13. Plaintiff worked a minimum of 108 hours every week, and he should have received payment for 40 regular hours x $10.00 an hour = $400.00; plus 68 hours at the overtime rate of $15.00, or 68 O/T hours x $15.00 O/T rate= $1,020.00. Plaintiff's correct payment for one week of 6 days of work should have been $1,420.00 weekly, or $2,840.00 bi-weekly. However, Plaintiff was paid bi-weekly $800.00, or $900.00 which did not pay for all hours worked not even at the minimum wage rate.

14. **Second period for approximately 8 weeks**.- Plaintiff worked as a cook, dishwasher, he did also the food preparation work, and cleaning employee. Plaintiff was paid $12.00 an hour, and his overtime rate should be $18.00 an hour.

15. In this period, Plaintiff worked 7 days per week: Monday to Thursday from 2:00 PM to 3:00 AM (13 hours); Friday and Saturday from 2:00 PM to 5:00 AM (15 hours); and on Sundays from 2:00 PM to 2:00 AM (12 hours). Plaintiff did not take bona-fide lunch periods. Thus, Plaintiff worked a minimum of 94 hours every week. Sometimes Plaintiff stayed working more hours because the bar did not have a fixed schedule to close the place.

16. Plaintiff punched in and out, and he was paid bi-weekly without any paystubs providing basic information about total hours worked, regular hours, overtime hours, wage rate, etc. etc.

17. Plaintiff worked a minimum of 94 hours every week, and he should have received payment for 40 regular hours x $12.00 an hour = $480.00; plus 54 hours at the overtime rate of $18.00, or 54 O/T hours x $18.00 O/T rate= $972.00. Plaintiff's correct payment for one week of 7 days of work should have been $1,452.00 x week, or $2,904.00 bi-weekly. However, Plaintiff was paid bi-weekly between $1,040.00 and $1,200.00, which did not pay for all hours worked not even at the minimum wage rate.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff complained many times with management about his payment for missing hours and overtime payment, every time they promised to fix the problem, but they did not correct the problem.

20. On or about March 30, 2017, Plaintiff complained again about his overtime hours. This time, supervisor Andres (LNU) paid Plaintiff $1,788.80, and fired him immediately. Plaintiff was fired in retaliation for his demands to be paid for missing hours and overtime payment.

21. After his termination, Plaintiff tried to pick up his personal property consisting of four professional kitchen knives, but the owner of the business did not allow him to do so.

22. In the present complaint, Plaintiff is including one count for overtime, and one count for retaliation under the Fair Labor Standards Act. Plaintiff is not in possession of time and

payment records. Plaintiff will amend his Complaint to include a count for minimum wage violation under the FLSA, when Defendant produce hours worked and payment records.

23. Plaintiff JORGE PEREZ HERNANDEZ intends to recover any regular hour, any overtime hour, liquidated damages, retaliatory damages, and any other relief as allowable by law. Additionally, Plaintiff demands to be reimbursed for the cost of his four professional kitchen knives that Defendants inappropriately retained.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I: WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

25. Plaintiff JORGE PEREZ HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This cause of action is brought by Plaintiff JORGE PEREZ HERNANDEZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2016, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant BARU was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a bar-restaurant, serving mostly to the tourism industry, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and Plaintiff's work was directed to serve mostly tourists. Therefore, there is FLSA individual coverage.

29. Defendant BARU employed Plaintiff JORGE PEREZ HERNANDEZ as a non-exempt full time restaurant employee from approximately November 15, 2016 to March 30, 2017, or 19 weeks.

30. During those 19 weeks, Plaintiff had two different positions, schedules and wage rates.

31. **First period for approximately 11 weeks**.- Plaintiff worked as dishwasher, kitchen helper and cleaning employee. Plaintiff was paid $10.00 an hour, and his overtime rate should be $15.00 an hour.

32. In this period, Plaintiff worked 6 days per week, Monday to Saturday from 9:00 AM to 3:00 AM (18 hours each day). Plaintiff did not take bona-fide lunch periods. Thus, Plaintiff worked a minimum of 108 hours every week.

33. Plaintiff did not punch in and out, and he was paid bi-weekly without any paystubs with basic accounting of total hours worked, regular hours, overtime hours etc. etc.

34. Plaintiff worked a minimum of 108 hours every week, and he should have received payment for 40 regular hours x $10.00 an hour = $400.00; plus 68 hours at the overtime rate of $15.00, or 68 O/T hours x $15.00 O/T rate= $1,020.00. Plaintiff's correct payment for one week of 6 days of work should have been $1,420.00 x week, or $2,840.00 biweekly. However, Plaintiff was paid bi-weekly $800.00, or $900.00 which did not pay for all hours worked not even at the minimum wage rate.

35. **Second period for approximately 8 weeks**.- Plaintiff worked as a cook, dishwasher, he did also the food preparation work, and cleaning employee. Plaintiff was paid $12.00 an hour, and his overtime rate should be $18.00 an hour.

36. In this period, Plaintiff worked 7 days per week: Monday to Thursday from 2:00 PM to 3:00 AM (13 hours); Friday and Saturday from 2:00 PM to 5:00 AM (15 hours); and on Sundays from 2:00 PM to 2:00 AM (12 hours). Plaintiff did not take bona-fide lunch periods. Thus, Plaintiff worked a minimum of 94 hours every week.

37. Plaintiff punched in and out, and he was paid bi-weekly without any paystubs with basic accounting of total hours worked, regular hours, overtime hours etc. etc.

38. Plaintiff worked a minimum of 94 hours every week, and he should have received payment for 40 regular hours x $12.00 an hour = $480.00 weekly; plus 54 hours at the overtime rate of $18.00, or 54 O/T hours x $18.00 O/T rate= $972.00.  Plaintiff's correct payment for one week of 7 days of work should have been $1,452.00 x week, or $2,904.00 biweekly. However, Plaintiff was paid bi-weekly between $1,040.00 and $1,200.00, which did not pay for all hours worked not even at the minimum wage rate.

39. Therefore, Defendant willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

42. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

43. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

   * Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modifications as discovery could dictate. Plaintiff will base his calculations considering 40 regular hours as paid, and disregarding any amount paid in excess of 40 hours. After discovery, Plaintiff will properly adjust his calculations.

   a. Total amount of alleged unpaid O/T wages:

Eighteen Thousand Nine Hundred Ninety-Six Dollars and 00/100 ($18,996.00)

    b. <u>Calculation of such wages:</u>
Total weeks of employment: 19 weeks

**1.- First Period 11 weeks**
Relevant weeks of employment: 11 weeks
Total hours worked: 108 hours weekly
Total number of paid hours: 40 hours at regular rate
Total overtime hours: 68 hours
Total unpaid overtime hours: 68 hours
Hourly rate: $10.00 x 1.5 = $15.00 O/T rate

$15.00 O/T rate x 68 O/T hours=$1,020.00 weekly x 11 weeks=$11,220.00

**2.- Second Period 8 weeks**
Relevant weeks of employment: 8 weeks
Total hours worked: 94 hours weekly
Total number of paid hours: 40 hours at regular rate
Total overtime hours: 54 hours
Hourly rate: $12.00 x 1.5 = $18.00 O/T rate

$18.00 O/T rate x 54 O/T hours=$972.00 weekly x 8 weeks=$7,776.00

Total 1 and 2: $18,996.00

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

44. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

45. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. At the times mentioned, individual Defendant HECTOR ANTUNEZ was the owner/partner manager of BARU. Defendant HECTOR ANTUNEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of BARU in relation to its employees, including Plaintiff and others similarly situated. Defendant HECTOR ANTUNEZ had absolute financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

47. Defendants BARU, and HECTOR ANTUNEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE PEREZ HERNANDEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JORGE PEREZ HERNANDEZ and other similarly-situated individuals and against the Defendants BARU, and HECTOR ANTUNEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq.; and

B. Award Plaintiff JORGE PEREZ HERNANDEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JORGE PEREZ HERNANDEZ demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

49. Plaintiff JORGE PEREZ HERNANDEZ re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

50. Defendant BARU was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a bar-restaurant, serving mostly to the tourism industry, and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the

proportional annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

51. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, Plaintiff's work was directed to serve mostly tourists. Therefore, there is FLSA individual coverage.

52. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

53. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendant BARU employed Plaintiff JORGE PEREZ HERNANDEZ as a non-exempt full time restaurant employee from approximately November 15, 2016 to March 30, 2017, or 19 weeks.

55. During those 19 weeks, Plaintiff had two different positions, schedules and wage rates.

56. **First period for approximately 11 weeks**.- Plaintiff worked as dishwasher, kitchen helper and cleaning employee. Plaintiff was paid $10.00 an hour, and his overtime rate should be $15.00 an hour.

57. In this period, Plaintiff worked 6 days per week, Monday to Saturday from 9:00 AM to 3:00 AM (18 hours each day). Plaintiff did not take bona-fide lunch periods. Thus, Plaintiff worked a minimum of 108 hours every week.

58. However, Plaintiff was paid bi-weekly $800.00, or $900.00 which did not pay for all hours worked not even at the minimum wage rate.

59. **Second period for approximately 8 weeks**.- Plaintiff worked as a cook, dishwasher, he did also the food preparation work, and cleaning employee. Plaintiff was paid $12.00 an hour, and his overtime rate should be $18.00 an hour.

60. In this period, Plaintiff worked 7 days per week a minimum of 94 hours every week. Plaintiff worked a minimum of 94 hours every week, However, Plaintiff was paid bi-weekly between $1,040.00 and $1,200.00, which did not pay for all hours worked not even at the minimum wage rate.

61. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

62. Plaintiff complained many times with the management of the business about his payment for missing hours and overtime payment, every time they promised to fix the problem, but they did not correct the problem.

63. These complaints constituted protected activity under the Fair Labor Standards Act.

64. On or about March 30, 2017, Plaintiff complained again about his overtime hours. This time, supervisor Andres (LNU) paid Plaintiff $1,788.80, and fired him immediately. Plaintiff was fired in retaliation for his demands to be paid for missing hours and overtime payment.

65. After his termination, Plaintiff tried to pick up his personal property consisting of four professional kitchen knives, but the owner of the business did not allow him to do so.

66. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

67. Plaintiff was fired immediately after he complained about overtime wages on or about March 30, 2017. Consequently, there is closed proximity between Plaintiff's last protected activity on or about March 30, 2017, and his termination.

68. At the times mentioned, individual Defendant HECTOR ANTUNEZ was the manager of BARU. Defendant HECTOR ANTUNEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of BARU in relation to its employees, including Plaintiff and others similarly situated. Defendant HECTOR ANTUNEZ had absolute financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

69. Defendants BARU, and HECTOR ANTUNEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing him.

70. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for his complaints for overtime wages.

71. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

72. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE PEREZ HERNANDEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants BARU, and HECTOR ANTUNEZ Plaintiff JORGE PEREZ HERNANDEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JORGE PEREZ HERNANDEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JORGE PEREZ HERNANDEZ demands trial by jury of all issues triable as of right by jury.

Dated: May 18, 2017 ,

        Respectfully submitted

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*